**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4782**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ALISON PAIGE HILL,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:14-cr-00079-F-4)

Submitted: October 19, 2016      Decided: November 4, 2016

Before TRAXLER, DUNCAN, and AGEE, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Elisa Cyre Salmon, SALMON LAW FIRM, LLP, Lillington, North Carolina, for Appellant.  John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alison Paige Hill pled guilty, pursuant to a written plea agreement, to conspiracy to manufacture, distribute, dispense, and produce with the intent to distribute 50 grams or more of methamphetamine, 21 U.S.C. § 846 (2012). She was sentenced within her advisory Guidelines range to 108 months in prison. However, with respect to her supervised release, the district court varied upward and imposed a 10-year term. On appeal, Hill challenges the district court's decisions with respect to certain Guidelines in fashioning her sentence, the reasonableness of her Guidelines sentence, and the reasonableness of her 10-year variant term of supervised release. The Government seeks to enforce the appellate waiver as to all but the last claim. For the reasons that follow, we dismiss in part and affirm in part.

"We review the validity of an appeal waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks omitted). "The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." United States v. Blick, 408 F.3d 162, 169 (4th Cir 2005). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances . . ., including the background, experience, and conduct of the accused." Id. (internal

quotation marks omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [plea] colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Copeland, 707 F.3d at 528 (internal quotation marks omitted).

In her plea agreement, Hill waived her right to appeal her "conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing." The language of this appeal waiver is clear and unambiguous, and the record reveals that Hill understood the full significance of the waiver. The court also confirmed that Hill was competent to plead guilty and was entering her plea in the absence of threats, force, or promises outside of those contained in the plea agreement. Accordingly, we conclude that Hill's appeal waiver is valid and enforceable as to issues within its scope.

In her first two claims, Hill argues that the district court erred in imposing an enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2015) for possession of a firearm in connection with her drug offense and (2) denying her a reduction under USSG § 3B1.2 for her mitigating role. In her third claim,

she argues that her 108-month Guidelines sentence and 10-year variant term of supervised release are unreasonable. Hill's challenges to her within-Guidelines sentence of 108 months' imprisonment are clearly within the scope of, and consequently, barred by the appellate waiver. We therefore dismiss these claims.

Because the district court imposed an upward variance on the supervised release term, however, Hill's challenge to this aspect of her sentence is outside the scope of the waiver. Hill argues that the district court did not explain why a 10-year term of supervised release was necessary or why the 4-to-5-year advisory Guidelines range was inadequate to address its concerns. Because Hill did not object to the term of supervised release below, this court reviews the record for plain error. United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). To establish plain error, Hill must show (1) that the district court erred, (2) that the error is clear or obvious, and (3) that the error affected her substantial rights, meaning that it "affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 732–34 (1993). Even when this burden is met, this court has discretion whether to recognize the error and may deny relief unless the district court's error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736.

A "term of supervised release . . . [is] part of the sentence," United States v. Evans, 159 F.3d 908, 913 (4th Cir.

4

1998), and is therefore reviewed for reasonableness. <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007). If a sentence is procedurally reasonable, this court reviews for "substantive reasonableness . . . under an abuse-of-discretion standard." <u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009). The sentence must be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a) (2012).

A district court is required to consider the following factors when determining the length of a term of supervised release: the nature and circumstances of the offense, the history and characteristics of the defendant, deterrence, protection of the public, the need to provide the defendant with treatment or care, the applicable sentencing range, public policy, and any need for restitution. 18 U.S.C. § 3583(c) (2012).

Here, the district court noted the severity of methamphetamine addiction and expressly considered Hill's troubled youth, addiction, and criminal history. The court stressed that Hill had a history of probation violations and that she had committed the instant offense while on a sentence of probation. The court then tailored a term of supervised release that would monitor future criminal activity and payments of restitution, noting the upward variance was warranted in light of the nature and circumstances of the offense, the dangers of methamphetamine

5

production, and the need to protect the community.  The 10-year term was well within the statutory maximum supervised release term of life.  We conclude that the supervised release variance was procedurally and substantively reasonable and, therefore, affirm this portion of Hill's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART